[No. 16484.    Department One.    July 7, 1921.]

THE STATE OF WASHINGTON, *on the Relation of C. L. Morris, Plaintiff*, v. JOHN TRUAX, *Judge etc., Respondent*.[1]

APPEAL (237)—SUPERSEDEAS — RIGHT TO — JUDGMENTS AFFECTING RIGHTS. Where a receiver, appointed in a suit by mortgagees, was required by stipulation of the parties to make reports only to the mortgagees, but was subsequently ordered, at suit of minority stockholders, to make report to the court, and was adjudged in contempt for failure to so report after dismissal of the action in which he had been appointed receiver, he is entitled, on appeal from the order requiring him to report and adjudging him in contempt, to have the order requiring a receivership report superseded pending the appeal, where it appears he is acting in good faith, that the question to be presented to the appellate court is debatable, that no injury will result to the stockholders that cannot be compensated in damages, and that his appeal might be rendered nugatory by repeated citations for contempt.

Application filed in the supreme court April 21, 1921, for a writ of mandamus to compel the superior court for Benton county, Truax, J., to supersede, pending an appeal, an order requiring a receiver to file a report. Granted.

[1]Reported in 199 Pac. 306.

*Lee C. Delle,* for relator.

*Parker, LaBerge & Parker* and *Robinson, Murphy & Murphine,* for respondent.

FULLERTON, J.—On March 16, 1916, and for some time prior thereto, the Kiona-Benton Land & Water Company, a corporation, owned a large tract of irrigated land, situated in Benton county, a considerable portion of which it had planted to a commercial orchard. Prior thereto it had encumbered the property by two mortgages covering separate tracts; the one running to the North American Mortgage Company and the other to the International Mortgage Bank. In the early part of the year named, separate foreclosure proceedings were instituted to foreclose the mortgages, and in each of the suits, apparently by consent and stipulation between the parties, the relator C. L. Morris was appointed receiver of the mortgaged property. While the showing in this court is more by way of recital than by direct averment, it can be gathered from the record as a whole that there were no creditors of the land company other than the mortgage holders and that the interested parties agreed that the receiver should take the control and active management of the mortgaged property and determine whether the mortgages could be ultimately paid from the earnings of the property, or whether it would be necessary to prosecute the foreclosure proceedings to judgment and sale; it being stipulated and agreed that the receiver should make annual reports of his doings as such to each of the mortgage companies and to the land company, but that he need not make any report to the court. These annual reports were made pursuant to the arrangement, and the foreclosure proceedings were allowed to rest.

On December 8, 1920, one Henry C. Ewing, a minority stockholder of the defendant corporation, petitioned the superior court in which the foreclosure proceedings were pending, praying that the receiver be required to make a report to the court of his doings as such receiver. The application was resisted, but the court nevertheless required the report to be made and filed on or before April 6, 1921. Prior to the day fixed for filing the report, the plaintiffs and the defendant in the mortgage foreclosure suits settled the matters of difference between them, and entered into a stipulation the material parts of which follow:

"1.    That the defendant has fully settled and discharged all of the indebtedness due and owing from the said defendant to the said plaintiff in the above entitled cause;

"2.    That the plaintiff has heretofore executed and delivered a full and complete release and satisfaction of the mortgage, and the notes thereby secured, the subject matter of this suit;

"3.    That all of the plaintiff's costs and disbursements, including attorney's fees, have been fully paid and discharged by the defendant; all other or further costs and charges, including that of the receivership herein, together with the receiver's compensation and attorney's fees to be paid by the defendant as of course;

"4.    That the plaintiff has no further claims against the defendant in this cause or interest in the subject matter of this litigation; and this cause shall be dismissed against the defendant with prejudice, and the *lis pendens* of record cancelled and discharged;

"5.    That upon the presentation and filing of this stipulation the court shall forthwith and without notice whatsoever to either party hereto, make and enter an order dismissing the above entitled cause with prejudice, no costs to be taxed to either party, cancelling and discharging of record the *lis pendens* heretofore filed of record in the office of the County Auditor of said

Benton county, and discharging the receiver and exon-
erating his bondsmen;

"6. It is further stipulated and agreed that the
plaintiff is fully satisfied with all and singular the acts
and doings of the receiver, C. L. Morris, herein; that
he has faithfully, efficiently and honestly administered
his said trust, which has been and is now in all things
satisfactory to the plaintiff, and by reason of said Mor-
ris' personal attention to his said trust he greatly in-
creased the value of plaintiff's mortgage security and
prevented it from sustaining a loss, which it was threat-
ened with at the time this cause was begun; that each
year said receiver rendered a full itemized and detailed
report showing his transactions during that year, which
said statements were found to be correct and accurate;
that this plaintiff hereby expressly waives the render-
ing and filing of any account or report whatsoever in
this cause, and hereby respectfully asks the court to
discharge said receiver, and exonerate his bond, with-
out the necessity of, and so as to relieve the said defend-
ant and the said receiver of the costs and expense and
labor involved in the preparing and filing of reports,
and for the further reason that the encumbering of the
records and files in this cause after the plaintiff's
claims have been fully settled and its mortgage re-
leased, with the immense amount of detail matter nec-
essary in order to make up a proper and complete re-
port will now only cause the defendant herein added
and unwarranted expense and greatly increase the cost
in the furnishing of many separate abstracts of title
to the many separate tracts of real estate involved in
this matter, the said receiver having also each year
during his said receivership rendered and filed with the
said defendant company like full and complete itemized
and detailed reports of his acts and doings as such re-
ceiver, all of which are now on file with the records
and files of said defendant company and open to in-
spection of all of its officers and stockholders and all
other persons properly interested therein, and all of
which reports have been fully examined and found to
be correct by the proper officers of this defendant and

duly approved by them; and the said plaintiff and defendant do hereby stipulate and agree that the said receiver be discharged forthwith without the filing of any report whatsoever, and that his bondsmen be and it is hereby fully discharged and exonerated of all liability whatsoever in the premises.

"That at a meeting of the stockholders of said defendant duly and regularly called and held on this 2nd day of April, 1921, the said stockholders of said corporation by several resolutions duly and regularly adopted fully approved, ratified and confirmed the settlement made with the plaintiff herein."

The stipulation was presented to the court on April 6, 1921, whereupon the court entered the following order:

"Upon the reading and filing of the stipulation entered into between the plaintiff and defendant in the above entitled cause, and as based thereon, it is now hereby ordered, adjudged and decreed by the court, as follows:

"1. That the above entitled cause be, and the same is hereby dismissed, with prejudice;

"2. That the notice of *lis pendens* heretofore recorded in the county auditor's office of this county be, and the same is hereby cancelled and discharged; and the county auditor is hereby directed to make the proper entry on the margin of the record;

"3. That no costs shall be taxed to either party, the same having been adjusted between the parties hereto.

"The receivership proceedings, however, are not discharged and the receiver is required to file a report as heretofore ordered."

On the same day the defendant land company moved the court to vacate that part of each of the orders of the court requiring the receiver to file a report, basing the motion on the ground of the changed conditions, in which motion the receiver afterwards joined. On April 8, 1921, and before this motion was heard, the stock-

holder before mentioned applied to the court for a citation directed to the receiver, requiring him to appear before the court on a day certain and show cause why he should not be punished for contempt for failing to comply with the court's order requiring him to file a report with the court showing his doings as such receiver. The citation was issued as requested, fixing the return day on April 13, 1921. The receiver appeared on the day appointed, and, after disclaiming that any willful or defiant contempt of the court or its orders was meant by his failure to comply with the order, challenged the jurisdiction of the court to continue the proceedings against him after a dismissal of the suits in which he was appointed. The court overruled his objections and entered the following order:

"This cause coming on to be heard upon an order duly made and entered in this court on the 8th day of April, 1921, requiring said C. L. Morris to appear before this court at the hour of ten o'clock a. m. on the 13th day of April, 1921, at the court room in the court house at Prosser, Benton county, Washington, and show cause, if any he had, why he should not be punished for contempt for failing to file a report as receiver, coming on to be heard on this 13th day of April, 1921, the state of Washington and the relator, Henry C. Ewing, appearing by Fred Parker, their attorney, and the said C. L. Morris appearing in person and with his attorney, Lee C. Delle, and the said defendant having heretofore filed and served his demurrer herein, and the matter having been submitted to the court on said demurrer, and duly argued, and after listening to the arguments of counsel and being fully advised, the demurrer is overruled and exception allowed, defendant refusing to plead further and electing to stand upon his demurrer, and the court having heard and considered testimony oral and documentary, whereupon defendant Morris was then asked by the court if he had any cause to show why judgment of the court

should not now be pronounced and defendant saying nothing except as he before has said, and electing to stand on his demurrer and challenging the jurisdiction of the court, and it appearing to the court that the said C. L. Morris was on the 16th day of March, 1916, by an order of this court duly made and entered appointed as receiver in a cause pending in this court, being cause No. 2140, wherein North American Mortgage Company was plaintiff and the Kiona-Benton Land & Water Company was defendant, and that the said Morris thereafter duly qualified as such receiver, entered upon the discharge of his duties as such, took charge of the property of defendant and ever since has been and now is the duly appointed, qualified and acting receiver in said cause, and has never been discharged; that on the 17th day of March, 1921, by an order of this court duly made and entered in said cause upon the petition of the relator, Henry C. Ewing, the said C. L. Morris as such receiver was ordered and directed to file in this court on or before the 6th day of April, 1921, his report as such receiver, which order is in words and figures following: [Here follows copy of the said order of March 17th, 1921, heretofore set forth] and it appearing to the court that the said C. L. Morris has failed to file his report as such receiver or any report in pursuance of said order, and has failed to comply with the same as in said order directed by the court, that the said Morris is in contempt of court because of his failure to comply with said order.

"It is now here ordered and adjudged by the court that the said C. L. Morris is in contempt of this court for the reasons aforesaid, and

"It is further ordered, adjudged and decreed that the said Morris be punished for such contempt by the payment of a fine of $100.00, and

"It is further ordered that unless the said Morris shall file in the office of the clerk of this court his report as such receiver as in said order required on or before five o'clock p. m. on the 23rd day of April, 1921, that he be taken into custody by the sheriff of Benton county, and confined in the county jail of Benton county

at Prosser, Washington, until he complies with said order, and files said report, and that he pay the costs and disbursements of this proceeding to be taxed according to law; to all of which defendant excepts and exceptions are allowed.''

The receiver thereupon, through his attorney, stated to the court that it was his intention to appeal from the judgment and order of the court, and requested the court to fix the amount of a supersedeas bond necessary to be given by him to stay execution on the judgment entered against him until he could have his appeal from the judgment heard and determined in this court; further requesting that the supersedeas include a stay of any further proceedings against him, pending the appeal, on the orders requiring him to account. The court took the application under advisement, and later on in the same day entered the following order:

''The court having entered judgment herein against defendant C. L. Morris, receiver, adjudging him to be guilty of a contempt as alleged and having fixed the penalty or punishment on account thereof, counsel for defendant now requests that a *supersedeas* bond on appeal be fixed by the court and considerable argument by the respective attorneys follows as to the extent and scope of such a bond under the statute.

''It is accordingly ordered by the court that the supersedeas bond pending an appeal to the supreme court be and the same is hereby fixed at the sum of $500; that such a bond if properly conditioned under the statute will stay the following portions of the judgment or order in the contempt proceeding:

''It will supersede the portion requiring $100 and costs to be paid, and it will stay the portion of said judgment requiring defendant to be confined in jail.

''It will not stay any judgment, decree or order entered heretofore in the case of *North American Mortgage Company v. Kiona-Benton Land & Water*

*Company,* Case No. 2140 of this court concerning which and wherein said contempt was committed.

"Exceptions are allowed to all parties."

On the filing of this order the receiver instituted the proceedings now before us. He seeks a writ of mandamus compelling the lower court to supersede, pending his appeal, that part of its order requiring him to file a report. In his application he again disaffirms any willful contumelious disobedience of the court's order, but avers that the order was invalid when made, or if not then invalid, has been superseded by the second order wherein the suits in which he was appointed receiver were settled and dismissed. He avers also that he is prosecuting his appeal in good faith, and that he desires to do so unhampered by repeated citations compelling him to show cause why he should not be punished for contempt for disobedience of the orders; further averring, in this connection, that one of the counsel for the relator in the contempt proceedings has stated that a further application for his punishment will be made if he does not file a report prior to the time fixed by the court in the contempt judgment.

It seems to us that the record presents a proper case for granting the relief applied for. It may be that to grant a writ of this sort is rather within the discretionary power of the court than within the strict legal right of the applicant, but where the court is convinced, as it is here, that the applicant is acting in good faith, that the question he seeks to present to the court on the appeal is debatable, that no injury will result to the stockholders which cannot be compensated in damages, and that the appeal may be rendered nugatory, or, at least, so hampered as to compel its abandonment

by the appellant, by repeated citations for contempt, justice requires that the relief be granted.

We think it unnecessary to pursue the inquiry. The writ will issue commanding the judge of the superior court to fix the amount of a proper supersedeas bond which will, in addition to staying execution on the judgment for contempt, stay, pending the appeal, the orders of the court requiring the receiver to file a report.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.